IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-05045-01-CR-SW-MDH |
| ) | |
| DUSTIN S. PARRISH, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced to a total of 190 months imprisonment following a guilty plea for conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable mount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023, the Sentencing Commission promulgated Amendment 821, which, in relevant part, downgraded by one point the number of criminal history points a defendant receives when the defendant commits the instant offense while under a criminal justice sentence. USSG § 4A1.1(e). As the Government points out, Defendant is ineligible for modification under Amendment 821 because application of § 4A1.1(e) fails to reduce Defendant's guidelines range, despite lowering his criminal history score to seventeen from eighteen. Moreover, Defendant was subject to, and

received, a statutory minimum sentence of sixty months consecutive on Count Three, the firearm charge. For these reasons, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: July 23, 2024                              */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**